IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN ANDREW DIETRICH (01)<br>MELISSA LYNN DIETRICH (02) | No. 2-19CR-065-D  |

INDICTMENT

The Grand Jury Charges:

General Allegations

At all times relevant:

1. **Jonathan Andrew Dietrich** and **Melissa Lynn Dietrich**, defendants, owned, operated, managed, and controlled American Ag Ventures, Inc. (AAVI). AAVI grew and harvested crops, including wheat, barley, and corn.

2. First State Bank (FSB) was a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation.

Count One
Conspiracy to Commit Bank Fraud
(Violation of 18 U.S.C. § 371)

1. Paragraphs 1 and 2 of the General Allegations section of the indictment are re-alleged and fully incorporated herein by reference.

2. Beginning on or about a date unknown and continuing until on or about the date of this indictment, in the Amarillo Division of the Northern District of Texas, and elsewhere, **Jonathan Andrew Dietrich** and **Melissa Lynn Dietrich**, defendants, did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree together and with others known and unknown to the Grand Jury, to knowingly and with intent to defraud, execute and cause the execution of, a scheme and artifice to defraud a financial institution, as defined by 18 U.S.C. § 20, which scheme and artifice would employ material falsehoods, and to knowingly and with intent to defraud, execute, and cause the execution of, a scheme and artifice to obtain money, funds, credit, assets, and other property owned by, and under the custody and control of, a financial institution, by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United State Code, Sections 1344(1) and (2).

## Purpose of the Conspiracy

3. It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things, diverting the proceeds from the sale of AAVI's crops for their personal and business use, instead of remitting the proceeds to FSB.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

4. In or around March 2015, FSB and AAVI entered into a loan agreement. The amount of the note was $2,000,000, and the stated purpose of the loan was for a farm revolving line of credit (LOC). AAVI agreed to pay the note on demand, or if no demand was made, AAVI agreed to pay all accrued interest in regular payments beginning on July 3, 2015. Final payment of the entire unpaid outstanding balance of principal and interest was due on February 3, 2016.

5. The LOC was secured by four separate security agreements. The property in which AAVI granted FSB a security interest was "all farm products," including, but not limited to, "all crops, annual or perennial, and all products of the crops." It also included the specific property of 575 acres of organic wheat, 750 acres of organic barley, and 1,800 acres of organic corn.

6. In the agreement, AAVI granted FSB a security interest in all of its farm products and all proceeds and products from the farm products. The agreement also placed limitations on the use of the collateral. AAVI was required to prepare the collateral for market, and when ready for market, promptly notify FSB and follow any instructions FSB may have regarding holding, shipping, storing, and marketing the collateral. AAVI was prohibited from selling or otherwise transferring the collateral without FSB's prior written permission. In the event of a default, AAVI was prohibited from selling the collateral, even if such sale was in the ordinary course of business.

7. After AAVI grew and harvested crops, the defendants and their co-conspirators sold some of the crops to multiple dairies without FSB's knowledge and permission. The defendants and their co-conspirators failed to remit the proceeds of those crops to FSB. They instead used the proceeds for business and personal expenses, in violation of the terms of the loan agreement.

8. The defendants and their co-conspirators also fed some of the AAVI crops to dairy cattle without FSB's knowledge and permission. When the defendants and their co-conspirators sold the milk produced by these dairy cattle, they failed to remit the proceeds of the milk to FSB. They instead used the proceeds for business and personal expenses, in violation of the terms of the loan agreement.

9. The Defendants and their co-conspirators placed FSB at risk of financial loss as a result of the above-described conspiracy.

All in violation of Title 18, United States Code, Section 371.

### Count Two
### Bank Fraud
### (Violation of 18 U.S.C. § 1344)

1. Paragraphs 1 and 2 of the General Allegations section of the indictment are re-alleged and incorporated fully herein by reference.

2. From in or around February 2015 and continuing until on or about the date of this indictment, in the Amarillo Division of the Northern District of Texas, and elsewhere, **Jonathan Andrew Dietrich** and **Melissa Lynn Dietrich**, defendants, did knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to defraud a financial institution, as defined by 18 U.S.C. § 20, which scheme and artifice employed a material falsehood, and did knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to obtain money, funds, credits, assets, and other property owned by, and under the custody and control of, said financial institution by means of false and fraudulent pretenses, representation, and promises, relating to a material fact.

### Purpose of the Scheme and Artifice

3. It was the purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things, diverting the proceeds from the sale of AAVI's crops for their personal and business use, instead of remitting the proceeds to FSB.

<u>The Scheme and Artifice</u>

Paragraphs 4 through 9 of the Manner and Means section of Count One of the indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

In violation of Title 18, United State Code, Sections 1344(1) and (2), and 2.

<u>Count Three</u>
Misprision of a Felony
(Violation of 18 U.S.C. § 4)

1. Paragraphs 1 and 2 of the General Allegations section of the indictment are re-alleged and fully incorporated herein by reference.

2. From in or around February 2015 and continuing until on or about the date of this indictment, in the Amarillo Division of the Northern District of Texas, and elsewhere, **Melissa Lynn Dietrich**, defendant, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit: conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 371, as alleged in Count One of the indictment, did conceal the same by making misleading representations to FSB regarding the distribution of proceeds from the sale of AAVI's crops and products of the crops, and did not as soon as possible make known the felony to some judge and other person in civil and military authority under the United States.

In violation of Title 18, United States Code, Section 4.

## Forfeiture Notice
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The allegations contained in Counts One and Two of the indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Upon conviction of either offense in Count One or Two of this indictment, **Jonathan Andrew Dietrich** and **Melissa Lynn Dietrich**, defendants, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL:

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
SEAN J. TAYLOR
Assistant United States Attorney
Texas Bar No. 24075147
500 South Taylor Street, Suite 300
Amarillo, Texas   79101-2446
Telephone:   806-324-2356
Facsimile:   806-324-2399
E-Mail:      sean.taylor@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

THE UNITED STATES OF AMERICA

v.

JONATHAN ANDREW DIETRICH (01)
MELISSA LYNN DIETRICH (02)

INDICTMENT

COUNT 1:     CONSPIRACY TO COMMIT BANK FRAUD
Tile 18, United States Code, Section 371.

COUNT 2:     BANK FRAUD
Tile 18, United States Code, Sections 1344(1) and (2), and 2.

COUNT 3:     MISPRISION OF A FELONY
Title 18, United States Code, Section 4.

(THREE COUNTS)
FORFEITURE NOTICE

A true bill rendered:

Amarillo        _[signature]_        Foreperson

Filed in open court this __25th__ day of __April__, A.D. 2019.

_____
Clerk

ARREST WARRANTS TO ISSUE

_[signature: Lee Ann Reno]_
UNITED STATES MAGISTRATE JUDGE