IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:19-CR-065-Z |
| MELISSA LYNN DIETRICH (02) | |

## FACTUAL RESUME

In support of Melissa Lynn Dietrich's plea of guilty to the offense in Count Three of the indictment, Dietrich, the defendant, Paul Herrmann, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Three of the indictment, charging a violation of 18 U.S.C. § 4, that is, Misprision of a Felony, the government must prove each of the following elements beyond a reasonable doubt:

Misprision of a Felony[1]

> *First.* That a federal felony was committed, as charged in Count One of the indictment, namely, Conspiracy to Commit Bank Fraud;
>
> *Second.* That the defendant had knowledge of the commission of the felony;
>
> *Third.* That the defendant failed to notify an authority as soon as possible; and
>
> *Fourth.* That the defendant did an affirmative act, as charged, to conceal the crime.

---

[1] Fifth Circuit Pattern Jury Instruction 2.06 (5th Cir. 2019 ed.).

Melissa Lynn Dietrich
Factual Resume—Page 1

                An "authority" includes a federal judge or some other person in civil or military authority under the United States.

## Conspiracy to Commit Bank Fraud[2]

*First.*     That the defendant and at least one other person agreed to commit the crime of bank fraud, as charged in the indictment;

*Second.*     That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third.*     That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

## Bank Fraud[3]

*First.*     That the defendant knowingly executed a scheme or artifice;

*Second.*     That the scheme or artifice was executed to obtain money or other property from a financial institution, as alleged in the indictment;

*Third.*     That the scheme or artifice was executed by means of false or fraudulent pretenses, representations, or promises; and

*Fourth.*     That the false or fraudulent pretenses, representations, or promises were material.

## STIPULATED FACTS

1.     Melissa Lynn Dietrich admits and agrees that from in or around February 2015 and continuing until on or about April 25, 2019, she, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit:

---

[2] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2019 ed.).
[3] Fifth Circuit Pattern Jury Instruction 2.58B (5th Cir. 2019 ed.).

conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 371, as alleged in Count One of the indictment, did conceal the same by making misleading representations to First State Bank regarding the distribution of proceeds from the sale of American Ag Ventures, Inc.'s crops or products of the crops, and did not as soon as possible make known the felony to some judge and other person in civil or military authority under the United States. In violation of Title 18, United States Code, Section 4.

2. Beginning on or about a date unknown and continuing until on or about April 25, 2019, in the Amarillo Division of the Northern District of Texas, and elsewhere, Jonathan Andrew Dietrich did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, or agree with others, to knowingly and with intent to defraud, execute or cause the execution of, a scheme and artifice to defraud a financial institution, as defined by 18 U.S.C. § 20, which scheme and artifice would employ material falsehoods, or to knowingly and with intent to defraud, execute, or cause the execution of, a scheme and artifice to obtain money, funds, credit, assets, or other property owned by, or under the custody and control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises relating to a material fact, in violation of Title 18, United State Code, Sections 1344(1) and (2).

3. Jonathan Andrew Dietrich, Melissa Lynn Dietrich, or others owned, operated, managed, or controlled American Ag Ventures, Inc. (AAVI). AAVI grew and harvested crops, including wheat, barley, and corn.

4. First State Bank (FSB) was a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation.

5. It was the purpose of the conspiracy for Jonathan Andrew Dietrich or his co-conspirators to unlawfully enrich themselves by, among other things, diverting the proceeds from the sale of AAVI's crops for their personal and business use, instead of remitting the proceeds to FSB.

6. In or around March 2015, FSB and AAVI entered into a loan agreement. The amount of the note was $2,000,000, and the stated purpose of the loan was for a farm revolving line of credit (LOC). AAVI agreed to pay the note on demand, or if no demand was made, AAVI agreed to pay all accrued interest in regular payments beginning on July 3, 2015. Final payment of the entire unpaid outstanding balance of principal and interest was due on February 3, 2016.

7. The LOC was secured by four separate security agreements. The property in which AAVI granted FSB a security interest was "all farm products," including, but not limited to, "all crops, annual or perennial, and all products of the crops." It also included the specific property of 575 acres of organic wheat, 750 acres of organic barley, and 1,800 acres of organic corn.

8. In the agreement, AAVI granted FSB a security interest in all of its farm products and all proceeds and products from the farm products. The agreement also placed limitations on the use of the collateral. AAVI was required to prepare the collateral for market, and when ready for market, promptly notify FSB and follow any instructions FSB may have regarding holding, shipping, storing, and marketing the collateral. AAVI was

Factual Resume—Page 4

prohibited from selling or otherwise transferring the collateral without FSB's prior written permission. In the event of a default, AAVI was prohibited from selling the collateral, even if such sale was in the ordinary course of business.

9. After AAVI grew and harvested crops, Jonathan Andrew Dietrich or his co-conspirators sold some of the crops to multiple dairies without FSB's knowledge and permission. Jonathan Andrew Dietrich or his co-conspirators failed to remit the proceeds of those crops to FSB. They instead used the proceeds for business and personal expenses, in violation of the terms of the loan agreement.

10. Jonathan Andrew Dietrich or his co-conspirators also fed some of the AAVI crops to dairy cattle without FSB's knowledge and permission. When Jonathan Andrew Dietrich or his co-conspirators sold the milk produced by these dairy cattle, they failed to remit the proceeds of the milk to FSB. They instead used the proceeds for business and personal expenses, in violation of the terms of the loan agreement.

11. Jonathan Andrew Dietrich or his co-conspirators placed FSB at risk of financial loss as a result of the above-described conspiracy. All in violation of Title 18, United States Code, Section 371.

12. Melissa Lynn Dietrich admits that she had actual knowledge of Jonathan Andrew Dietrich's or other's conspiracy to commit bank fraud, and that she did not as soon as possible make known the felony to some judge or other person in civil or military authority under the United States.

13. Melissa Lynn Dietrich, who was listed as AAVI's secretary, was responsible for keeping AAVI's books. She also signed the loan agreement with FSB as

AAVI's secretary and represented that AAVI would prepare the collateral (i.e., all farm products and all products of the crops) for market, and when ready for market, promptly notify FSB and follow any instructions FSB may have regarding holding, shipping, storing, and marketing the collateral. Melissa Lynn Dietrich concealed the commission of the conspiracy to commit bank fraud, as described above, by making misleading representations to FBS regarding the distribution of proceeds from the sale of AAVI's crops and products of the crops.

14. For example, in April 2015, AAVI started selling milk through a broker, Triple T Dairy Commodities (Triple T). Triple T brokered the sale of 779 truckloads of milk for AAVI between April 2015 and August 2016. In total, actual payments from Triple T to AAVI for milk sales totaled $6,362,562.62. Although AAVI was obligated to remit the proceeds from the milk sales to FSB, none of the milk revenue was used to make payments to FSB on the LOC. Melissa Lynn Dietrich concealed these milk sales from FSB and instead spent the money on other things, including personal expenses. When an AAVI employee asked Melissa Lynn Dietrich for milk reconciliation reports from Triple T to account for the actual sales and the deductions shown on the reconciliations, Melissa Lynn Dietrich refused to provide them. Accordingly, Melissa Lynn Dietrich made misrepresentations to FSB regarding the proceeds from the sale of milk, which was a product of AAVI's crops.

Accordingly, Melissa Lynn Dietrich made misrepresentations to FSB regarding the proceeds from the sale of milk, which was a product of AAVI's crops.

15. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Three of the indictment.

AGREED TO AND STIPULATED on this 2nd day of March, 2020.

_____
MELISSA LYNN DIETRICH
Defendant

_____
PAUL HERRMANN
Attorney for Defendant

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
SEAN J. TAYLOR
Assistant United States Attorney
Texas State Bar Number 24075147
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone:   806-324-2356
Facsimile:   806-324-2399
E-mail:      sean.taylor@usdoj.gov