# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Amarillo Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 2:19-CR-65-Z-BR-(2) |
| | U.S. Marshal's No.: 58828-177 |
| MELISSA LYNN DIETRICH | Sean Jeffrey Taylor, Assistant U.S. Attorney |
| | Paul Edward Herrmann, Attorney for the Defendant |

On August 3, 2020 the defendant, MELISSA LYNN DIETRICH, entered a plea of guilty as to Count Three of the Indictment filed on April 25, 2019. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 4 | MISPRISION OF A FELONY | 04/25/2019 | Three |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count Three of the Indictment filed on April 25, 2019.

Upon Motion of the government, all remaining Counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed December 10, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

Signed December 14, 2020.

## PROBATION

It is the judgment of the Court that the defendant, MELISSA LYNN DIETRICH, is hereby sentenced to a term of probation for a term of **Two (2) years as to Count Three** of the Indictment filed on April 25, 2019.

While on probation, in compliance with the standard conditions of probation adopted by the United States Sentencing Commission at Section 5B1.3, the defendant shall:

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of the time the defendant was sentenced, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer—with the exception of co-defendant and spouse Jonathan Andrew Dietrich, which contact does <u>not</u> require advance permission of the probation officer.

Judgment in a Criminal Case Page **3** of **4**
Defendant:  MELISSA LYNN DIETRICH
Case Number:  2:19-CR-65-Z-BR-(2)

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk, and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

    Also, as set forth in the Notice of Intent to Impose Conditions of Probation signed and dated December 10, 2020, the Defendant shall comply with the below-listed other conditions of supervised release, which are derived from Sections 5B1.3(a), (b), (d), and (e), in relevant part:

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

4. You must cooperate in the collection of DNA as directed by the probation officer.

5. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

6. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

7. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

8. The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.

9. The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of farming or dairy operations without the probation officer's approval.

10. The defendant shall not enter into any self-employment while under supervision without prior approval of the probation officer.

11. The defendant shall pay any remaining balance of the fine in the amount of $2,000, as set out in this Judgment.

12. The defendant shall maintain not more than one business and/or one personal checking account, and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the probation officer.

13. The defendant shall provide to the probation officer complete access to all business and personal financial information.

14. The participant shall be monitored by the form of location monitoring indicated below for a period of 90 days (post-conviction only) and shall abide by all technology requirements. The participant shall pay all or part of the costs of location monitoring based on his or her ability to pay as directed by the Court and pretrial services or probation officer.

    ☒ location monitoring technology at the discretion of the officer

    ☐ RF monitoring

    ☐ GPS monitoring

    ☐ voice recognition

    This form of location monitoring technology shall be used to monitor the following restriction on the movement of participants in the community as well as other court-imposed conditions of release. (the Court must impose one of these components):

    ☒ You are restricted to your residence every day from 8:00 p.m. to 7:00 a.m. or as directed by the supervising officer (**curfew**).

## RESTITUTION/FINE

The Court orders Defendant to pay a fine of **$2,000** through the office of the U.S. District Clerk, 205 East Fifth Avenue, Room 133, Amarillo, Texas, 79101-1559. If, upon commencement of the term of probation, any part of the fine ordered by this judgment remains unpaid, Defendant shall make payments on such unpaid balance at the rate of at least $50 per month. The first such payment shall be made no later than 60 days from the date of this judgment and another payment shall be made on the same day of each month thereafter until the fine is paid in full.

Restitution is applicable in this case; however, restitution in the amount of $1,413,011.17 has been paid by the unindicted co-conspirator. Therefore, the amount in this case is **zero dollars**.